**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CLIFF ORANE HANSON,**

       **Petitioner,**

**vs.**                                      **Case No. 4:07cv287-RH/WCS**

**STATE OF FLORIDA,**

       **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Leave to proceed in forma pauperis was granted, and Petitioner was directed to show cause why his petition should not be summarily dismissed for failing to advise the court of his change of address, and for failing to exhaust available state remedies.  Doc. 5 (incorporated herein by reference).

In response, Petitioner asserts "I sent not one but two (2) change of addresses to the U.S.D.C. & the D.C.A. via jail U.S.P.S.; it's the jail[']s fault!!!"  Doc. 6.  As to exhaustion, he states that "[t]he proper order of probation was issued 02.23.07 and was exhausted as illustrated by D.C.A. case # 1D-3380."  _Id._  Presumably the emphasis on

*proper* order of probation is to distinguish that from the court's statement that, according to the website of the Florida Department of Corrections, Petitioner was sentenced to probation on August 14, 2007.  Doc. 5, p. 1.

According to the First District Court of Appeal online docket, Case 1D07-3380 is an appeal from a Fla.R.Crim.P. 3.850 proceeding in criminal case 2006CF3827A (the case at issue here).  The appeal is still pending.  Case number 1D07-4520, also an appeal from 2006CF3827A, was dismissed on November 14, 2007.

Petitioner may be in the process of exhausting state court remedies, but the state court has not yet ruled.  While a federal court has authority to deny relief on the merits notwithstanding the failure to exhaust, § 2254 relief may only be granted if remedies have been exhausted.  § 2254(b)(1) and (2).  As previously noted, the requirement that Petitioner give the state courts one full opportunity to resolve the issues, by invoking one complete round of review, applies to Rule 3.850 proceedings as well as direct appeals.  Doc. 5, p. 2.

Assuming that Petitioner attempted to notify the court of his address change and did not fail to prosecute this case,[1] the petition should be dismissed without prejudice for failure to exhaust state remedies.

For future reference, Petitioner is advised that there is a one year limitations period for filing a § 2254 petition which (with some exceptions) generally runs from the

------

[1] *See* doc. 50 (report and recommendation), p. 1, n. 1, in Petitioner's 42 U.S.C. § 1983 case (4:06cv348-RH/AK) (noting that the complaint concerned the failure to receive timely notice from the state court, and this court had also had problems communicating with Mr. Hanson because of mail and address problems); doc. 52 in that file (accepting the recommendation).

Case No. 4:07cv287-RH/WCS

date on which the judgment becomes final.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  The

one year period is tolled while a "properly filed" application for relief is pending in state

court.  § 2244(d)(2).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (doc. 1) be

**SUMMARILY DISMISSED** without prejudice to filing a § 2254 petition following

exhaustion of available state court remedies.

**IN CHAMBERS** at Tallahassee, Florida, on December 20, 2007.


  S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**